UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

—————————————————————————x

DARGUIN JOEL LOPEZ PACHECO,          :
YUGERIS ALEXI LOPEZ PACHECO,         :
YIMER JOEL PACHECO, SELVIN MATEO     :
LOPEZ DURON, MILTON DANERY           :
LOPEZ DURON, MATEO LOPEZ             :
BUSTILLO, ANIVAL AREVALO RIVERA,     :
and ISIDRO DE JESUS BUSTILLO         :
HERRERA,                             :    REPORT & RECOMMENDATION
                                     :    24-CV-6522 (DG) (CHK)
                  Plaintiffs,        :
                                     :
        -versus-                     :
                                     :
TJAR GROUP CORP. and WANG LAM,       :
                                     :
                  Defendants.        :
—————————————————————————x

CLAY H. KAMINSKY, United States Magistrate Judge:


Plaintiffs Darguin Joel Lopez Pacheco, Yugeris Alexi Lopez Pacheco, Yimer

Joel Pacheco, Selvin Mateo Lopez Duron, Milton Danery Lopez Duron, Mateo Lopez

Bustillo, Jose Anival Arevalo Rivera, and Isidro De Jesus Bustillo Herrera bring this

action against Defendants Tjar Group Corp. and Wang Lam asserting claims of

unpaid wages and record keeping violations under the Fair Labor Standards Act

("FLSA") and the New York Labor Law ("NYLL"). ECF No. 1. The parties have

submitted a proposed agreement to settle the matter along with several supporting

documents, and revised their settlement agreement after a hearing before this

Court.[1] The Court reviews the revised agreement to ensure compliance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). For the reasons that follow, I recommend that the Court approve the settlement agreement, under which Plaintiffs will receive $148,616 and their counsel will receive $76,384 in attorneys' fees and costs.

## LEGAL STANDARD

In *Cheeks*, the Second Circuit held that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [U.S. Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. "When presented with a settlement for approval, a district court's options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606 (2d Cir. 2020). In other words, "[i]f a district court concludes pursuant to *Cheeks* that a proposed settlement is unreasonable in whole or in part, the court cannot simply rewrite the agreement—it must reject the agreement or give the parties an opportunity to revise it." *Fisher*, 948 F.3d at 605.

Although the Second Circuit has not established an exhaustive list of factors that district courts should consider when reviewing FLSA settlements, it has identified the following factors as ones that district courts "typically" use:

---

[1] The Court construes Plaintiffs' Letter, ECF No. 39, as a motion to withdraw the earlier Motion for Settlement Approval, ECF No. 36, and for approval of the revised settlement agreement attached to the Letter, ECF No. 39-1.

(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Id.* at 600 (quoting *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335–36 (S.D.N.Y. 2012). In addition, courts should not approve settlements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks*, 796 F.3d at 206. "When assessing a proposed settlement for fairness, there is generally a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, 538 F. Supp. 3d 310, 315 (S.D.N.Y. 2021) (quotation marks omitted) (collecting cases).

With respect to attorneys' fees, the fees collected by a plaintiff's attorneys need not be calculated as a percentage of the overall settlement, and in the event that they are calculated as a percentage, they need not be limited to 33% of the settlement. *Fisher* at 602–03 (vacating district court order that limited the attorneys' fees collected by plaintiff's counsel to 33% of the settlement). This is because the attorneys' fees provision of the FLSA was designed to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Id.* at 603 (quotation marks omitted).

3

DISCUSSION

The Court finds that the parties' proposed settlement agreement, ECF No. 39-1, is fair and reasonable under *Cheeks* and its progeny. The total settlement amount is $225,000, inclusive of attorneys' fees and costs, of which the eight Plaintiffs will receive a combined sum of $148,616. ECF No. 39-1 at 2. In total, Darguin Joel Lopez Pacheco will receive $27,500; Yugeris Alexi Lopez Pacheco will receive $25,000; Yimer Joel Pacheco will receive $10,616; Selvin Mateo Lopez Duron will receive $17,000; Milton Danery Lopez Duron will receive $14,000; Mateo Lopez Bustillo will receive $22,500; Jose Anival Arevalo Rivera will receive $14,000; and Isidro De Jesus Bustillo Herrera will receive $18,000. *Id.* at 2–15. The payment will be made over thirteen installments. *Id.*

Plaintiffs calculated their maximum possible recovery at approximately $300,000 based on alleged unpaid overtime wages under the FLSA and NYLL. ECF No. 36 at 2. Therefore, the Plaintiffs' net result under the settlement agreement, excluding attorneys' fees and costs, amounts to around 50% of their best-case scenario recovery. Courts in this Circuit have found a settlement recovery of well below 50% to be "fair and reasonable and in line with other cases approving FLSA settlements in this Circuit." *See Soto v. Triumph Constr. Corp.*, No. 21-CV-2449 (VSB), 2023 WL 3483753, at *3 (S.D.N.Y. Apr. 26, 2023) (approving a settlement amount around 15% of plaintiff's possible recovery); *see also Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, 538 F. Supp. 3d 310, 323 (S.D.N.Y. 2021) (collecting cases) (approving a settlement amount around 13% of plaintiff's potential recovery). The

4

Court finds the settlement amount in the instant case to be reasonable in light of Plaintiffs' range of possible recovery and the risks of continued litigation. As Defendants have steadfastly maintained the position that they simply did not employ Plaintiffs, those risks are meaningful. *See* ECF No. 36 at 2.

The parties negotiated this settlement at arm's length after participating in multiple sessions with the District's Court-Annexed Mediation Program where the parties were represented by experienced counsel. *See* ECF Nos. 21, 25–26. The release of claims included in the agreement is a mutual general release that gives both parties peace of mind that they will not be subject to continued litigation. *See Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *5 (S.D.N.Y. Nov. 6, 2015) (noting that "parties come to a settlement conference in a wage-and-hour case hoping to achieve a resolution of all claims, including any other claims that they may have against each other . . . so that they do not have to litigate against each other in the future. A general release of the kind proposed in this case, with former employees who have no ongoing relationship with the employer, makes sense in order to bring complete closure."). There is no confidentiality provision and the parties revised their "mutual non-disparagement" clause to limit it in light of concerns raised by the Court. *See* ECF No. 39. The revised provision is balanced and appropriately limited in light of the FLSA's purpose. The full settlement has been publicly filed.

With respect to attorneys' fees, Plaintiff's counsel seeks $74,307 in fees and $2,077 in costs, consisting of the $405 filing fee, $382 for service fees, and $1,290 in mediation fees, for a total of $76,384. ECF No. 36 at 4. Plaintiffs' counsel is thus

seeking a fee that is 33% of the settlement and approximately 34% of the settlement net of costs. Although attorneys' fees need not be limited to 33% of the settlement, *see Fisher*, 948 F.3d at 602–03, courts in this Circuit routinely approve settlements that provide attorneys one-third of the settlement fund in FLSA cases. *Escobar v. Variedades Belen Corp.*, No. 23-cv-04849, 2024 WL 1259367, at \*5 (E.D.N.Y. Mar. 25, 2024) (collecting cases approving attorneys' fees amounting to one-third of the FLSA settlement). Therefore, Plaintiffs' counsel's proposed attorneys' fees are reasonable under the percentage method.

As a check on the reasonableness of attorneys' fees, courts calculate the "lodestar" amount, which is the "product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). Plaintiffs' attorneys at Helen F. Dalton & Associates, P.C. submitted contemporaneous billing records documenting their work on this matter. *See* ECF No. 36-3. Those records establish that senior managing attorney Roman Avshalumov spent approximately 49.8 hours working on this case and would have charged $500 per hour for a total of $24,900; managing attorney James O'Donnell worked for approximately 51.4 hours and would have charged $400 per hour for a total of $20,560; associate Katelyn Schillaci worked for approximately 15.8 hours and would have charged $250 per hour for a total of $3,950; and the firm incurred approximately 38.1 hours of bilingual paralegal services provided at $100 per hour for a total of $3,810. *Id.* Given the number of Plaintiffs involved and the multiple attempts by the parties to mediate this dispute, I find these to be a

6

reasonable number of hours worked on this matter. I also find the hourly rates reasonable given the experience of counsel and the guidance of other courts in this District. *See Rubin v. HSBC Bank USA, NA*, No. 20-CV-4566 (FB) (SJB), 763 F. Supp. 3d 233, 243–44 (E.D.N.Y. Jan. 21, 2025) (adjusting rates in this district for inflation and market conditions and determining that $450–$650 per hour for partners, $300–$450 per hour for senior associates, and $150–$300 per hour for junior associates is reasonable); *Trs. of Pavers Dist. Council Welfare, Pension & Annuity Funds v. Kore Contracting Corp.*, No. 24-cv-3235, 2025 WL 825049, at *14 (E.D.N.Y. Mar. 14, 2025) ("Courts in this District generally consider hourly rates ranging from $70 to $150 to be reasonable for paralegals.").

The lodestar sums combine for a grand total of $53,220. ECF No. 36-3 at 4. That final figure, when compared to the $74,307 in attorneys' fees requested under the settlement agreement, yields a multiplier of approximately 1.40, which I find reasonable. *See, e.g.*, *Delijanin v. Wolfgang's Steakhouse Inc.*, No. 18-CV-7854 (LJL) (KHP), 2021 WL 535635, at *5 (S.D.N.Y. Feb. 12, 2021) (holding a multiplier of 1.7 to be reasonable and consistent with FLSA cases in this Circuit); *Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) (holding that "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases."). Thus, Plaintiffs' counsel's proposed fees are reasonable under the lodestar cross-check as well as the percentage method.

CONCLUSION

For the reasons set forth above, I recommend that the Court approve the parties' revised settlement agreement, ECF No. 39-1, pursuant to *Cheeks*.

OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any objections to this Report and Recommendation must be filed within fourteen (14) days. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED.**

Dated: Brooklyn, New York
    February 27, 2026

/s/ Clay H. Kaminsky

Clay H. Kaminsky
United States Magistrate Judge